IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MANDRELL McCANTS,

                Plaintiff,

                                                  Civ. Action No.
  vs.                                     9:08-CV-616 (LEK/DEP)

L. CANNON, Correction Officer,
Great Meadow Correctional Facility, *et al.,*

                Defendant.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

MANDRELL McCANTS, *Pro Se*
05-A-4836
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004

FOR DEFENDANTS:

HON. ANDREW CUOMO        MICHAEL G. McCARTIN, ESQ.
Office of the Attorney General    Assistant Attorney General
State of New York
The Capitol
Albany, New York 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Plaintiff Mandrell McCants, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, has commenced this action pursuant to 42 U.S.C. § 1983, alleging deprivation of his civil rights. In his complaint, McCants contends that he was beaten by the three corrections workers named as defendants in his action, in violation of the Eighth Amendment's protection against cruel and unusual punishment, and seeks recovery of compensatory and punitive damages as a result of the incident.

Currently pending before the court is a motion filed on behalf of the defendants requesting dismissal of plaintiff's complaint based upon his failure to fully exhaust available, internal administrative remedies prior to commencing the action. Because it appears clear from plaintiff's complaint that this action was commenced prior to his pursuit to completion of a grievance regarding the matter, and thus he has not met the exhaustion requirement of 42 U.S.C. § 1997e(a), I respectfully recommend that defendants' motion be granted.

I.   BACKGROUND[1]

---

[1]   In light of the procedural posture of this case, the following recitation is drawn principally from plaintiff's complaint, the contents of which have been accepted as true for purposes of the pending motion. *See Erickson v. Pardus*, __U.S. __, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734

Plaintiff is a prison inmate entrusted to the care and custody of the New York State Department of Correctional Services (the "DOCS"); at the times relevant to his claims, McCants was designated to the Great Meadow Correctional Facility ("Great Meadow"), located in Comstock, New York. *See generally* Amended Complaint (Dkt. No. 16). Plaintiff alleges that on March 28, 2008, while in line for lunch at the prison, he was the subject of a random pat frisk conducted by defendant Cannon, a corrections officer, resulting in the discovery of a "black tape". *Id.* § 6. During the course of an ensuing investigation regarding his possession of the tape, plaintiff was slapped, punched, and kicked by defendant Cannon as well as his two co-defendants, Corrections Sergeant Murray and a third individual originally named as John Doe, but later identified as Corrections Officer Prevost, without provocation, resulting in his suffering of injuries requiring medical treatment, including seven stitches. *Id.* §§ *3, 6, 7.*

II.   PROCEDURAL HISTORY

Plaintiff commenced this action on June 9, 2008 and, following the entry of an order conferring *in forma pauperis* status and the filing of a dismissal motion on behalf of the defendants, submitted an amended

---

(1964).

complaint as a matter of right on September 4, 2008. *See* Dkt. Nos. 1, 4, 14, 16. In lieu of answering plaintiff's amended complaint, defendants instead have sought dismissal of plaintiff's claims by motion filed on October 7, 2008, based upon his failure to fully exhaust available administrative remedies before commencing suit. Dkt. No. 20. Despite passage of the deadline for doing so, plaintiff has failed to respond to defendants' motion, which is therefore now ripe for determination, and has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See* Fed. R. Civ. P. 72(b).

III.  DISCUSSION

    A.  Standard of Review[2]

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial

---

[2] Defendants' motion is also brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, suggesting their belief that the court lacks jurisdiction over plaintiff's claims. *See* Dkt. No. 20. It is clear that failure to satisfy the exhaustion of remedies requirement of 42 U.S.C. § 1997(e)(a) represents an affirmative defense which is subject to waiver, and that the provision is neither jurisdictional, nor does it impose a threshold pleading requirement which must be met by an inmate plaintiff. *Jones v. Bock*, 549 U.S. 199, ___, 127 S. Ct. 910, 921 (2007). I have therefore not considered this portion of defendants' motion, and instead will determine whether the court is currently positioned to find that plaintiff's complaint, on its face, fails to state a claim upon which relief may be granted, given that the defendants have invoked failure to exhaust as a defense.

4

sufficiency of that pleading, utilizing as a backdrop a pleading standard which is particularly unexacting in its requirements. Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Absent applicability of a heightened pleading requirement such as that imposed under Rule 9, a plaintiff is not required to plead specific factual allegations to support the claim; rather, "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964) (quotations and citations omitted); *cf. Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (acknowledging that a plaintiff may properly be required to illuminate a claim with some factual allegations in those contexts where amplification is necessary to establish that the claim is "plausible"). Once the claim has been stated adequately, a plaintiff may present any set of facts consistent with the allegations contained in the complaint to support his or her claim. *Twombly*, 127 S. Ct. at 1969 (observing that the Court's prior decision in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957) "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival").

In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party. *Cooper*, 378 U.S. at 546, 84 S. Ct. at 1734; *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003); *Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.). The burden undertaken by a party requesting dismissal of a complaint under Rule 12(b)(6) is substantial; the question presented by such a motion is not whether the plaintiff is ultimately likely to prevail, "'but whether the claimant is entitled to offer evidence to support the claims.'" *Log On America, Inc. v. Promethean Asset Mgmt. L.L.C.*, 223 F. Supp. 2d 435, 441 (S.D.N.Y. 2001) (quoting *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995)) (quotations and citations omitted). Accordingly, a complaint should be dismissed on a motion brought pursuant to Rule 12(b)(6) only where the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim. *See Twombly*, 127 S. Ct. at 1969, 1974; *see also Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974) ("In order to withstand a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'"). "While *Twombly* does not require heightened fact

6

pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

When assessing the sufficiency of a complaint against this backdrop, particular deference should be afforded to a *pro se* litigant whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action. *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976)) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (internal quotations omitted); *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.) (citation omitted).  In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated.  *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.").

    B.    <u>Exhaustion of Remedies</u>

With an eye toward "reduc[ing] the quantity and improv[ing] the quality of prisoner suits[,]" *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 988 (2002), Congress altered the inmate litigation landscape considerably through the enactment of the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), imposing several restrictions on the ability of prisoners to maintain federal civil rights actions. An integral feature of the PLRA is a revitalized exhaustion of remedies provision which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo,* 548 U.S. 81, 84, 126 S. Ct. 2378, 2382-83 (2006); *Hargrove v. Riley,* No. CV-04-4587, 2007 WL 389003, at *5-6 (E.D.N.Y. Jan. 31, 2007). This limitation is intended to serve the dual purpose of affording "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into courtl[,]" and to improve the quality of inmate suits filed through the production of a "useful administrative record." *Jones,* 127 S. Ct. at 914-15 (citations omitted); *see also Woodford,* 548 U.S. at 89, 126 S.Ct. at 2385-86; *Johnson v. Testman,* 380 F.3d 691, 697 (2d Cir. 2004).

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532, 122 S. Ct. at 992 (citation omitted). The occurrence which forms the basis of plaintiff's claims in this action, involving the alleged use of excessive force, plainly falls within the scope of the PLRA's exhaustion mandate. *See id.*

New York prison inmates are subject to an Inmate Grievance Program ("IGP") established by DOCS and recognized as an "available" remedy for purposes of the PLRA. *See Mingues v. Nelson*, No. 96 CV 5396, 2004 WL 324898, at *4 (S.D.N.Y. Feb. 20, 2004) (citing *Mojias v. Johnson*, 351 F.3d 606 (2d Cir. 2003) and *Snider v. Melindez*, 199 F.3d 108, 112-13 (2d Cir.1999)). The IGP consists of a three-step review process. First, a written grievance is submitted to the Inmate Grievance Review Committee ("IGRC") within twenty-one days of the incident.[3] 7 N.Y.C.R.R. § 701.5(a). The IGRC, which is comprised of inmates and facility employees, then issues a determination regarding the grievance. *Id.* §§ 701.4(a), 701.5(b). If an appeal is filed, the superintendent of the facility

---

[3] The IGP supervisor may waive the grievance timeliness requirement due to "mitigating circumstances." 7 N.Y.C.R.R. § 701.6(g)(1)(i)(a)-(b).

9

next reviews the IGRC's determination and issues a decision. *Id.* § 701.5(c). The third level of the process affords the inmate the right to appeal the superintendent's ruling to the Central Office Review Committee ("CORC"), which makes the final administrative decision. *Id.* § 701.5(d).

In his complaint plaintiff asserts that he filed a grievance regarding events forming the basis for his claims, but had not received an answer to that grievance at the time his complaint was prepared. *See* Amended Complaint (Dkt. No. 16) § 4(b). It is well established that in order to be deemed to have fully exhausted his or her remedies, an inmate must complete all three levels of the established New York IGP. *Reyes v. Punzal*, 206 F. Supp. 2d 431, 432 (W.D.N.Y. 2002) (citing, *inter alia*, *Sulton v. Greiner*, No. 00 Civ. 0727, 2000 WL 1809284, at *3 (S.D.N.Y. Dec. 11, 2000)); *see also Ryan v. Lyder,* No. 01 Civ. 10057, 2002 WL 1990780, at *2 (S.D.N.Y. Aug. 28, 2002). Moreover, complete exhaustion must have occurred prior to the time the action was commenced. *Chalif v. Spitzer*, No. 9:05-CV-1355, 2008 WL 1848650, at *13 (N.D.N.Y. April 23, 2008) (Kahn, J.); *Rodriguez v. Hahn*, 209 F. Supp.2d 344, 348 (S.D.N.Y. 2002). Since by his own account plaintiff did not prosecute his internal grievance to completion before commencing this action, he has failed to satisfy the PLRA's exhaustion requirement.

Under some circumstances, I would be reluctant to dispose of a case based upon the failure of an inmate plaintiff to meet the PLRA's exhaustion on motion to dismiss. Such a disposition, however, is entirely appropriate in an instance such as this where a plaintiff's failure to exhaust is "'readily apparent'" or "'unambiguously established in the record.'" *Torrence v. Pesanti*, 239 F. Supp.2d 230, 231-32 (D. Conn. 2003) (quoting *Snider*, 199 F.3d at 112, 113). Since plaintiff has not established that he pursued his grievance through to the CORC, prior to commencement of suit, this action is subject to dismissal, though without prejudice. *Neal v. Goord,* 267 F.3d 116, 117 (2d Cir. 2001); *Rodriguez,* 209 F. Supp.2d at 348; *Mendez v. Artuz*, No. 01 CIV. 4157, 2002 WL 313796, at *2 (S.D.N.Y. Feb. 27, 2002).

IV. <u>SUMMARY AND RECOMMENDATION</u>

Plaintiff's complaint, in which he asserts excessive force claims which are subject to the PLRA's exhaustion requirement, on its face discloses that while he did file a grievance addressing claims now raised, he did not pursue all steps required to exhaust the internal grievance process before commencing this action. Under the circumstances, plaintiff's suit is premature and subject to dismissal, without prejudice. Accordingly, it is hereby respectfully

RECOMMENDED, that defendants' motion to dismiss plaintiff's

11

complaint for failure to state a cognizable cause of action (Dkt. No. 20) be GRANTED, and that plaintiff's complaint in this action be dismissed, without prejudice to renewal following complete exhaustion of available internal administrative remedies.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within TEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this Report and Recommendation upon the parties in accordance with this court's local rules.

/s/ David E. Peebles
David E. Peebles
U.S. Magistrate Judge

Dated:     October 22, 2008
           Syracuse, NY